## J. L. HARRIS *v.* THE STATE.

A RECOGNIZANCE FOR AN APPEAL stipulated that it should "be void on condition that the defendant did, on the 7th day of November, 1876, unlawfully carry a certain gun, unconcealed, on a day of election," etc. *Held,* that, as the recognizance wholly fails to comply with the form prescribed in the statute, this court has no jurisdiction, and the case is dismissed. 2 Pasc. Dig., Art. 6599.

APPEAL from the County Court of Collin.    Tried below before the Hon. T. C. GOODNER, County Judge.

The information in this case was filed under the "Act regulating elections," approved August 23, 1876, the 25th section of which makes it an offense, punishable by fine of not less than $100 nor more than $500, "to carry any gun,

pistol, bowie-knife, or other dangerous weapon, concealed or unconcealed, on any day of election, during the hours the polls are open, within the distance of one-half mile of any poll or place of voting." General Laws of 1876, p. 311.

*Throckmorton, Brown & Bro.,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

White, J. The assistant attorney general moves the court to dismiss this case for the reason that there is no such recognizance as is required by law to give this court jurisdiction. The motion must be sustained.

The condition of the recognizance, or what purports to be the recognizance, is that it is " to be void on condition that the said defendant, J. L. Harris, did, on the 7th day of November, 1876, with force and arms, unlawfully carry a certain gun, unconcealed, on a day of election," etc. In other words, the obligation is to be void if the defendant is guilty of the offense with which he is charged. There must be a substantial compliance with the form provided in the statute, or this court has no jurisdiction. 2 Pasc. Dig., Arts. 6599, 6600.

The appeal is dismissed.

*Dismissed.*